IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORNELIUS TAYLOR,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-4686** |
| | : | |
| **SGT. HALL**, *et al.*, | : | |
|     **Defendants.** | : | |

### MEMORANDUM

**BAYLSON, J.**                                                                                             **OCTOBER  22, 2020**

      Plaintiff Cornelius Taylor, a prisoner currently incarcerated at SCI Houtzdale, filed this civil action pursuant to 42 U.S.C. § 1983, raising excessive force claims based on a 2016 incident that occurred when he was incarcerated at SCI Graterford.  (ECF No. 1.)  After initiating this case, Taylor filed a Motion to Proceed *In Forma Pauperis* and an Amended Complaint, which is now the governing pleading in this case.[1]  (ECF Nos. 5 & 7.)  For the following reasons, the Court will grant Taylor leave to proceed *in forma pauperis* and dismiss this case at time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Taylor's initial Complaint was unsigned, so the Court issued an Order on October 6, 2020 directing him to sign his Complaint.  (ECF No. 4.)  That Order appears to have crossed in the mail with Taylor's submission of his Amended Complaint, which is signed in accordance with Federal Rule of Civil Procedure 11.  As the Amended Complaint is now the governing pleading in this case, the Court need not wait for Taylor to sign and return his prior pleading to the Court before screening this case because the Amended Complaint supersedes it.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

**I.     FACTUAL ALLEGATIONS**[2]

Taylor's Amended Complaint names as Defendants "Sgt. Hall", "Cleaver PSS" and "Kowaleyk CO 2", all of whom were employed at SCI Graterford during the relevant events. Taylor brings an excessive force claim based on an incident that occurred on March 5 or 6 of 2016.[3]  (ECF No. 7 at 3-5.)[4]  It appears that around dinner time, Taylor was attempting to discard a milk carton; Hall told Taylor to "get back in line" and another officer told him to discard the container in the kitchen.  (*Id*. at 4-5.)  Grievances attached to the Amended Complaint reflect that, when he exited the kitchen, Taylor extended his middle finger to the officers.  (*Id.* at 12.)

Taylor was then ordered to turn around so he could be handcuffed and was then "struck from behind by Sgt Hall." (*Id.* at 4 & 12.) Taylor adds that Hall twisted his right arm against his back. (*Id.* at 5.) Taylor avers that as a result of the incident, he was bleeding on his right cheek and sought medical attention. (*Id.* at 5.) When he was released from the medical unit, he was sent to the restricted housing unit.[5]  (*Id.*)

---

[2] The following allegations are taken from the Amended Complaint and the attachments thereto. The Court has done its best to read Taylor's handwriting, which is unclear at times.

[3] The Amended Complaint alleges that the incident occurred on March 5, but a grievance attached to the Amended Complaint states that the incident occurred on March 6.

[4] The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[5] It appears Taylor spent thirty days in the RHU.  (ECF No. 7 at 7.)  The Court does not understand him to be pursuing a claim based on the time he spent in the RHU and does not discern a basis for any such claim since being placed in restricted housing for thirty days is not an atypical or significant hardship in relation to the ordinary incidents of prison life.  *See Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (in the prison context, "[d]ue process protection for a state created liberty interest is . . . limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Based on those allegations, Taylor raises excessive force claims pursuant to § 1983. He seeks damages for "being assaulted maliciously and sadistically causing pain and suffering." (*Id.* at 5.) Exhibits attached to the Amended Complaint reflect that Taylor filed a grievance about Hall's conduct on March 16, 2016. (*Id.* at 12.) The grievance was investigated by the Office of Special Investigations & Intelligence and denied on September 15, 2017 as unsubstantiated. (*Id.* at 14.) Taylor appealed that denial to the facility manager, who denied his appeal on October 27, 2017. (*Id.* at 15.) Taylor appealed that decision to the Secretary's Office of Inmate Grievances & Appeals, the final appeal level. (*Id.* at 16-17 & 19.) His final appeal was dismissed as untimely on May 7, 2018.[6] (*Id.* at 17.)

## II.     STANDARD OF REVIEW

The Court grants Taylor leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims

---

[6] Taylor also attached to his Amended Complaint grievances he filed concerning medication he received at SCI Houtzdale. Those grievances bear no relevance to Taylor's present claims.

[7] However, as Taylor is a prisoner, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").  As Taylor is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Taylor's excessive force claims are time-barred.  Pennsylvania's two-year statute of limitations applies to these claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  Here, Taylor's claim accrued on March 5 or 6, 2016, the date that Hall allegedly used excessive force against him.  *See LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."); *see also Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (per curiam) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions.").

However, prisoners seeking to challenge the conditions of their confinement are subject to the Prison Litigation Reform Act ("PLRA"), which mandates exhaustion of all available administrative remedies before bringing a lawsuit.  42 U.S.C. § 1997e(a).  "The [Pennsylvania Department of Corrections] has a grievance policy involving a three-step process that an inmate must fully complete in order to properly exhaust his administrative remedies under the PLRA."

*Jackson v. Carter*, 813 F. App'x 820, 823 (3d Cir. 2020) (per curiam).  Briefly, an inmate must file an initial written grievance, appeal to the facility manager, and file a final written appeal to the Secretary's Office of Inmate Grievances and Appeal.  *Id.*; *see also Robinson v. Superintendent Rockview SCI*, 831 F.3d 148, 151 (3d Cir. 2016) (describing DOC grievance process in more detail).  "[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies."  *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015).

Here, it is apparent from the Amended Complaint and attached exhibits that Taylor's final appeal of his grievance was denied on May 7, 2018.  Assuming that the limitations period was tolled until this date, Taylor would have been obligated to file this civil action within two years, by May 7, 2020.[8]  Pursuant to the prison mailbox rule, a prisoner' s complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).  Taylor's initial Compliant is undated, but the envelope in which it was mailed was post-marked September 17, 2020.  (ECF No. 1 at 4.)  The Prison Account Statement he submitted with his Complaint is dated September 16, 2020.  (ECF No. 2.)  September 16, 2020 is therefore the earliest date Taylor could have handed his Complaint to prison authorities for mailing.  As Taylor filed his Complaint more than four months after the latest date the statute of limitations could have expired, his claims are untimely.[9]  *See Paluch v. Sec'y Pa. Dep't Corr.*, 442 F. App'x 690, 694 (3d Cir. 2011) (per

---

[8] It is not clear that Taylor's untimely final appeal would continue to toll the limitations period.  However, the Court need not address the impact of Taylor's untimely final appeal because, even using the latest possible date, his claims are untimely.

[9] The Court reaches the same conclusion even if additional tolling is applied from May 7, 2018, the date Taylor's final appeal was denied, through May 16, 2018, the date the denial is marked as having been received at the office of the Superintendent of SCI Houtzdale.  (ECF No. 7 at 17.)

curiam) (claims were time barred when inmate failed to file within two years of the denial of his final appeal); *Amadi v. FCI Fort Dix Health Servs.*, 256 F. App'x 477, 480 (3d Cir. 2007) (per curiam) (tolling did not save civil rights claims filed more than two years after final resolution of grievances).

Nor is any other basis for tolling evident from the Amended Complaint.  Indeed, the public record reveals that Taylor was pursing other claims in the federal courts while the statute of limitations was running on the claims he pursues in the instant civil action.  *See e.g.*, *Taylor v. Dep't of Corr.*, W.D. Pa. 20-131 (ECF No. 1) (Complaint dated June 30, 2020); *Taylor v. Smith*, W.D. Pa. 19-91 (ECF No. 1) (Complaint dated May 24, 2019); *Taylor v. Commonwealth*, E.D. Pa. 19-603 (Habeas petition dated January 13, 2019); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of prior lawsuits).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Taylor leave to proceed *in forma pauperis* and dismiss his Amended Complaint as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Taylor will not be permitted to file a second amended complaint because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  A separate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**

---

Taylor's exhibits make clear that, although he was hospitalized from May 1, 2018 through May 14, 2018, he was back at SCI Houtzdale filing a grievance about his hospitalization by May 21, 2018 at the latest.  (*Id.* at 18 & 20.)